BEFORE THE THIRD DIVISION, JUNE 12, 1956

**No. 60033.**—Jovita Perez et al. v. United States, protests 195684–K, etc. (Laredo and El Paso).

EKWALL, Judge: This case, in which 284 protests have been consolidated, involves a retrial of the issues decided in the case of *Jovita Perez et al.* v. *United States*, 42 C. C. P. A. (Customs) 156, C. A. D. 588, wherein that court sustained the claims of the importers. At the trial of the instant case, it was agreed that the merchandise in all of the entries involved is identical with that involved in the decided case.

The merchandise consists of flavoring sirup, composed of a mixture of sugar, water, and a small amount of flavoring matter, produced in Mexico and imported at the ports of Laredo and El Paso, Tex. The collectors assessed duty thereon under paragraph 501 of the Tariff Act of 1930, as modified by the Peruvian Trade Agreement, T. D. 50670, by virtue of the provisions of the mixed-material clause in paragraph 1559 of the same act, which was in effect at the dates of entry herein. Assessment was made at the rate of 0.99375 cent per pound.

Said paragraph 501, as modified, is as follows:

| Description of article | Rate of duty |
| --- | --- |
| Sugars, tank bottoms, sirups of cane juice, melada, concentrated melada, concrete and concentrated molasses, testing by the polariscope not above 75 sugar degrees, and all mixtures containing sugar and water, testing by the polariscope above 50 sugar degrees and not above 75 sugar degrees. | 0.6421875¢ per lb. |
| And for each additional sugar degree shown by the polariscopic test. | 0.0140625¢ per lb. additional, and fractions of a degree in proportion. |

Paragraph 1559, *supra*, as in effect at the dates of entry herein, insofar as it involves the mixed-material clause, is in the following language:

* * * and on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value; * * *.

In this assessment, the collectors treated the merchandise as refined sugar (sucrose), having a polariscopic reading of 100 degrees. There was also assessed a sugar tax on the total sugars under the provisions of section 3500 of the Internal Revenue Code (26 U. S. C. 1940 ed.). This assessment is not in issue nor do plaintiffs herein dispute the applicability of paragraph 501, *supra*. Their claim, as set forth in the able brief filed, is that the collectors "should have applied the rate of duty predicated on the actual polariscopic test of the merchandise. Since the polariscopic reading of the imported merchandise showed a minus or negative reading * * * the rate of duty should have been 0.6421875 cent per pound * * *."

At the hearing, the record in the earlier *Jovita Perez* case, *supra*, which included exhibits consisting of chemists' reports showing the ingredients of the merchandise and the polariscopic reading, was incorporated, and it was agreed that the method of manufacture of the involved merchandise was as follows:

* * * Into 2,500-gallon glass-lined mixing tanks are added 1,000 gallons of water; 15,070 pounds of granulated refined cane sugar; 140 fluid ounces of flavors; 29 gallons of caramel color, and 76 pounds of acid. More water is then added to bring the mix to 2,500 gallons, resulting in a brix of 57 degrees to 58 degrees, * * *.

It was also agreed that all of the merchandise covered by the instant entries was produced in the same manner; that said merchandise had a minus polariscopic reading upon importation into the United States; and that all of the merchandise is identical with that involved in the earlier *Jovita Perez* case. There were also received into evidence as exhibits 1 to 4 the reports of the Government chemist in protest Nos. 195684–K, 195685–K, 195686–K, and 195687–K, respectively.

Government counsel introduced no additional evidence. Therefore, so far as the record is concerned, we have a reargument of the issues presented to this court and the Court of Customs and Patent Appeals in the earlier case. The brief on behalf of the Government states:

The retrial was insisted upon by the defendant because it feels that the Court of Customs and Patent Appeals may have misunderstood the facts of the former case in respect to the sugar which is the component material of chief value in the syrup imported.

It is further contended on behalf of the Government, defendant, that the finding of fact on the part of our appellate court, i. e., that the component material of chief value of this mixture is invert sugar, is indicative of a misunderstanding of the facts in the earlier case. Defendant contends that reducing or invert sugar is not the component material of chief value; that reducing or invert sugar did not exist at the time of the mixing of the materials herein, but was a result of such a mixing; that the addition of the acid into the mixture caused the refined sugar (sucrose) to be changed from sucrose to invert sugar. Defendant also contends that, for the purpose of assessing the highest rate of duty as provided in paragraph 1559, *supra*, the importations must be considered as so many pounds of sugar, according to the imported weight; that granulated refined sugar is the component material of chief value in the mixture. Further, that in making assessment at the highest rate chargeable, as contemplated by the provisions of said paragraph 1559, it is unnecessary to determine the polariscopic test of the sugar.

It is noted that the Government petitioned for a rehearing in the Court of Customs and Patent Appeals in the incorporated case, and plaintiffs' counsel states in the brief in the instant case that, in such petition, every case and every argument cited and advanced herein was before the Court of Customs and Patent Appeals. Nevertheless, the petition for rehearing was denied by that court.

478

It is the opinion of the court that, since the facts and issues in the instant case are identical with those in the incorporated case, the decision of our appellate court is determinative of the issue in the instant case.

Plaintiffs' claims are, therefore, sustained and the merchandise is held properly dutiable under paragraph 501 of the Tariff Act of 1930, by virtue of the mixed-material clause in paragraph 1559 of the same act, in effect at the dates of importation herein, at 0.6421875 cent per pound upon the total weight of the imported merchandise.

Judgment will be rendered accordingly.